UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| FRISARD'S TRANSPORTATION, L.L.C., *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Civil Action No. |
| UNITED STATES DEPARTMENT OF LABOR, *et al.*, | ) ) 2:24-cv-00347-EEF-MBN ) ) |
| Defendants. | ) ) ) |

**RESPONSE TO PLAINTIFFS' MOTION
FOR A TEMPORARY RESTRAINING ORDER**

At 5:36 P.M. local time tonight, after the close of business, plaintiffs ambushed this Court and defendants with a motion for a temporary restraining order (TRO), ECF No. 14, concerning a Department of Labor (DOL) rule, Employee or Independent Contractor Classification Under the Fair Labor Standards Act, 89 Fed. Reg. 1638, that was published on January 10, 2024, and that is scheduled to go into effect in one business day, on March 11.  At 8:42 P.M. local time, plaintiffs filed a motion for a preliminary injunction.  ECF No. 15.  Plaintiffs have been aware of the possibility of the rule in question since at least October 2022, when DOL published a notice of proposed rulemaking.  Plaintiffs filed a complaint concerning the rule a full month ago, on February 8, 2024, and then notified undersigned counsel on February 22 of their "plan to file a motion for a preliminary injunction quickly."  When undersigned counsel inquired the next day about roughly when plaintiffs intended to file a motion for a preliminary injunction, her inquiry was met with silence.  Defendants had no word from plaintiffs until they filed an amended

complaint earlier today which raises new issues, adds four new plaintiffs, and significantly alters their original complaint.

Plaintiffs' gamesmanship leaves defendants with no reasonable opportunity to respond to their TRO motion and is doubly egregious given the particularly extraordinary relief plaintiffs seek: a nationwide injunction. Yet plaintiffs offer no explanation for their inexcusable delay and eleventh-hour ambush, especially given that they did not seek any relief until day 57 of the 61-day period between the date of the rule's publication and its effective date. Their delay in seeking a TRO – and in filing the operative complaint – wholly undermines plaintiffs' claim of imminent irreparable injury and is alone a sufficient basis for denying plaintiffs' request for emergency relief. *See Atchafalaya Basinkeeper v. U.S. Army Corps of Engineers*, No. 18-23-SDD-EWD, 2019 WL 491312, at *1 (M.D. La. Feb. 7, 2019) ("[D]elay in seeking a remedy is an important factor bearing on the need for a preliminary injunction. Absent a good explanation, a substantial period of delay militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief.") (citations omitted); *Segars Properties, LLC v. U.S. Bank Nat. Ass'n*, No. 3:13-CV-4895-L, 2014 WL 61159, at *2 (N.D. Tex. Jan. 6, 2014) (explaining that plaintiffs cannot "manufactur[]e an 'emergency' by waiting until the eleventh hour to file their motion" for expedited relief); *Justice v. Hosemann*, 829 F. Supp. 2d 504, 520 (N.D. Miss. 2011) (denying motion for a temporary restraining order where plaintiffs "waited until the eleventh hour to file … and have not demonstrated any emergency basis"); *see also Tough Traveler, Ltd. v. Outbound Prod.*, 60 F.3d 964, 968 (2d Cir. 1995) (vacating preliminary injunction where movant waited four (4) months to seek a preliminary injunction after filing suit); *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985) (ten (10) week delay in seeking injunction for trademark infringement undercut claim of

irreparable harm); *Boire v. Pilot Freight Carriers, Inc.*, 515 F.2d 1185, 1193 (5th Cir. 1975) (affirming district court's denial of temporary injunctive relief where movant, among other things, delayed three (3) months in making its request).

Moreover, plaintiffs themselves repeatedly characterize their alleged irreparable harm as merely "potential," *see, e.g.* ECF No. 14-6 at 9 (describing the challenged rule as "*threaten[ing]* to upend Frisard's business operations . . . , and *potentially* driving many of the independent contractors Frisard's relies on out of business, or into different lines of business other than Frisard's business") (emphases added); ECF No. 9 ¶¶ 55, 62, 70, 78, 87, and they allege no harm whatsoever that will occur the moment the rule takes effect, or within any reasonable time frame for the parties to brief and this Court to decide the important issues in this case.  Nor could they allege certainly impending harm, for the rule simply embodies interpretive guidance concerning how DOL would analyze whether workers are properly classified as employees or independent contractors under the Fair Labor Standards Act, and the rule does not impose any penalties on anyone.  For this reason alone, too, it would be proper to deny both plaintiffs' "emergency" motion for a TRO *and* their motion for a preliminary injunction.  *See, e.g.*, <u>Aransas Project v. Shaw</u>, 775 F.3d 641, 664 (5th Cir. 2014) (an injunction may be issued "only if future injury is 'certainly impending'" (quoting *Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298 (1979))); *see also Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008) ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction.").  Barring such a denial, however, defendants request that the Court deny plaintiffs' TRO motion, and set a briefing schedule on plaintiffs' Motion for Preliminary Injunction in accordance with the time limits set forth in the Local Rules.

To the extent the Court is inclined to grant any emergency relief, such relief should be no broader than necessary to remedy any harm demonstrated by plaintiffs in a given case. *See Gill v. Whitford*, 585 U.S. 48, 73 (2018); *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994). "[N]ationwide injunctions or universal remedies . . . seem to take the judicial power beyond its traditionally understood uses, permitting district courts to order the government to act or refrain from acting toward nonparties in the case. . . ." *Arizona v. Biden*, 40 F.4th 375, 396 (6th Cir. 2022) (Sutton, C.J., concurring); *see also Dep't of Homeland Sec. v. New York*, 140 S. Ct. 599, 600 (2020) (Gorsuch, J., concurring) (questioning propriety of nationwide injunctions); *Trump v. Hawaii*, 585 U.S. 667, 720 (2018) (Thomas, J., concurring) (suggesting universal injunctions are inconsistent with "limits on equity and judicial power"); *Louisiana v. Becerra*, 20 F.4th 260, 263 (5th Cir. 2021) (staying nationwide injunction of COVID-19 vaccination mandates as "an issue of great significance" that "will benefit from the airing of competing views in our sister circuits.") (citation omitted). As Justice Gorsuch, joined by Justice Thomas, has explained, "[b]ecause plaintiffs generally are not bound by adverse decisions in cases to which they were not a party, there is a nearly boundless opportunity to shop for a friendly forum to secure a win nationwide." *Dep't of Homeland Sec*, 140 S. Ct. at 601 (Gorsuch, J., concurring). This creates the risk of "conflicting nationwide injunctions," with "asymmetric" stakes where "a single successful challenge is enough to stay the challenged rule across the country." *Id.*; *see also Trump*, 585 U.S. at 713 (Thomas, J., concurring) (Universal relief "take[s] a toll on the federal court system—preventing legal questions from percolating through the federal courts, encouraging forum shopping, and making every case a national emergency for the courts and for the Executive Branch.").

This case presents the sort of circumstances that especially militate against nationwide relief. Three other sets of plaintiffs, in three other districts, including one in and two outside this circuit, have separately challenged the same DOL rule. *See Warren v. Dep't of Labor*, 2:24-cv-007 (N.D. Ga., filed Jan. 16, 2024); *Littman v. Dep't of Labor*, No. 3:24-cv-00194 (M.D. Tenn., filed Feb. 21, 2024); *Coalition for Workforce Innovation v. Su*, 1:21-cv-130 (E.D. Tex., amended complaint filed Mar. 6, 2024). Granting relief beyond the plaintiffs in this case would risk conflicting rulings within certain jurisdictions and condoning the "gamesmanship and chaos" Justices Gorsuch and Thomas warned against. *Dep't of Homeland Sec.*, 140 S. Ct. at 601 (Gorsuch, J., concurring). This Court should "avoid rulings which may trench upon the authority of sister courts." *Delta T Corp. v. Ritchie Eng'g Co.*, No. 5:11-cv-208, 2011 WL 13234316, at *1 (E.D. Ky. Nov. 18, 2011) (quoting *W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of the ILA, AFL-CIO*, 751 F.2d 721, 729 (5th Cir. 1985)). And this is particularly so here, where plaintiffs have not demonstrated even their own entitlement to any relief in this "emergency" of their own making.

For these reasons, plaintiffs' TRO motion should be denied and a schedule should be set for briefing plaintiffs' motion for preliminary injunction in accordance with the Local Rules of this Court.

Dated: March 8, 2024                Respectfully submitted,

                                                            BRIAN M. BOYNTON
                                                            Acting Assistant Attorney General

                                                            JULIE STRAUS HARRIS
                                                            Assistant Director, Federal Programs Branch

                                                            */s/ Lisa A. Olson*
                                                            LISA A. OLSON
                                                           Senior Trial Counsel
                                                           U.S. Department of Justice

Civil Division, Federal Programs Branch
1100 L Street, NW, Room 12200
Washington D.C. 20005
(202) 514-5633
Lisa.olson@usdoj.gov

*Counsel for Defendants*