UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRISARD'S TRANSPORTATION, L.L.C., *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Civil Action No. |
| UNITED STATES DEPARTMENT OF LABOR, *et al.*, | ) ) 2:24-cv-00347-EEF-EJD ) ) |
| Defendants. | ) ) |

**DEFENDANTS' EX PARTE MOTION
TO EXCEED PAGE LIMIT BY TEN PAGES**

Pursuant to Local Civil Rules 5.1 and 7, defendants hereby move the Court for leave to exceed by 10 pages the 25-page limit for their memorandum in support of their motion to dismiss or alternatively for summary judgment. Defendants' proposed memorandum and its accompanying motion, statement of material facts presenting no genuine issue, and notice of submission are filed herewith.

The reason for this motion is that defendants would like a reasonable opportunity to respond to numerous issues plaintiffs have raised in the First Amended Complaint for Declaratory and Injunctive Relief [ECF No. 9] ("Complaint") and other filings concerning the validity of a rule promulgated by the Department of Labor. Specifically, plaintiffs challenge a rule concerning the analysis of whether a worker is an employee or an independent contractor under the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 ("FLSA" or "Act"). *See* Employee or Independent Contractor Classification Under the Fair Labor Standards Act, 89 Fed. Reg. 1638-01 (Jan. 10, 2024) (adding 29 C.F.R. Part 795) ("2024 Rule"). The Complaint contains 102

paragraphs and raises claims under two provisions of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) and (2)(C), requiring consideration of a lengthy Administrative Record [*see* ECF No. 28-1]. Plaintiffs have filed motions for a temporary restraining order [ECF No. 14] and a preliminary injunction [ECF No. 15] (both of which the Court has already denied [ECF No. 19]) raising numerous arguments to which defendants intend to respond, as they previously had no adequate opportunity to do so due to the overnight time frame in which those motions were filed. In addition, defendants propose to file a motion to dismiss or alternatively for summary judgment, so they are actually combining two briefs into one. Given that plaintiffs ask the Court to permanently enjoin enforcement of the 2024 Rule, defendants request a fair opportunity both to address the Court's subject matter jurisdiction and to defend the validity of the 2024 Rule.

Defendants' request is reasonable, will not prejudice the parties, and will not unduly delay this case. For these reasons, defendants' ex parte motion to exceed the page limitation should be granted.

Defendants' counsel contacted plaintiffs' counsel at 10:10 AM EST on Thursday, May 16 to inquire whether plaintiffs' counsel would oppose defendants' request for a 10-page extension of the page limit. Plaintiffs' counsel responded at 5:15 PM EST on Friday, May 17, indicating that they wished to schedule a "meet and confer" for Monday, May 20, to which undersigned counsel agreed. At the meet and confer on May 20 – the date on which, as plaintiffs were well aware [*see* ECF No. 27], defendants' response to the Amended Complaint is due -- plaintiffs' counsel asked if defendants would agree to stipulate to a stay of district court proceedings in this case pending their appeal of this Court's Order [ECF No. 19] denying plaintiffs' motions for a temporary restraining order [ECF No. 14] and for a preliminary injunction [ECF No. 15]. *See* April 8, 2024 Notice of Appeal (ECF No. 22). Plaintiffs' counsel indicated that plaintiffs would

not agree to defendants' request for a 10-page extension of the page limit unless defendants agreed to the stipulation. Defendants' counsel conferred with defendants and then informed plaintiffs' counsel that defendants would not agree to such a stipulation. *See United States v. Lynd*, 321 F.2d 26, 28 (5th Cir. 1963) ("[A]n appeal from the denial or granting of a preliminary injunction should not ordinarily delay the final trial of the case on its merits."); *see also Satanic Temple, Inc. v. Texas Health & Hum. Serv. Comm'n,* 79 F.4th 512, 514 (5th Cir. 2023) ("An appeal from a grant or denial of a preliminary injunction does not inherently divest the district court of jurisdiction or otherwise restrain it from taking other steps in the litigation."); *United States v. Abbott*, 92 F.4th 570 (5th Cir. 2024) (denying stay of trial proceedings pending *en banc* review).

Dated: May 20, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JULIE STRAUS HARRIS
Assistant Branch Director

*/s/ Lisa A. Olson*
LISA A. OLSON
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W., Room 12200
Washington, D.C. 20005
(202) 514-5633
Lisa.olson@usdoj.gov

*Counsel for Defendants*