UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRISARD'S TRANSPORTATION, L.L.C., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF LABOR, *et al.*, <br><br> Defendants. | Civil Action No. <br><br> 2:24-cv-00347-EEF-EJD |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS
PRESENTING NO GENUINE ISSUE**

Pursuant to Local Civil Rule 56.1, defendants hereby submit their statement of material facts as to which there is no genuine issue. This accompanies defendants' motion to dismiss or alternatively for summary judgment.

1. Congress enacted the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 ("FLSA" or "Act") in 1938 to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202; 89 Fed. Reg. 1638; *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019); *see Brock v. Mr. W Fireworks*, 814 F.2d 1042, 1043 (5th Cir. 1987) ("Congress passed the FLSA in order to palliate the grave economic ills then ailing our nation."); *Usery v. Pilgrim Equip.*, 527 F.2d 1308, 1310-11 (5th Cir. 1976) ("The purpose of the FLSA is to 'eliminate low wages and long hours' and 'free commerce from the interferences arising from production of goods under conditions that were detrimental to the health and well-being of workers.'") (quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 727 (1947)).

2. The FLSA requires covered employers to pay nonexempt employees at least the federal minimum wage and 1.5 times the employee's regular rate for hours worked in excess of 40 hours in a workweek. 29 U.S.C. §§ 206(a) & 207(a); 89 Fed. Reg. 1638.

3. The FLSA also mandates that employers keep certain records regarding employees. 29 U.S.C. § 211(c); 89 Fed. Reg. 1638.

4. The Act generally defines an employee as "any individual employed by an employer," 29 U.S.C. § 203(e)(1), an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), and "employ" as including "to suffer or permit to work." 29 U.S.C. § 203(g); 89 Fed. Reg. 1638.

5. The FLSA does not define independent contractor; they are outside the broad scope of workers covered as employees by the Act. *Rutherford*, 331 U.S. at 729; 89 Fed. Reg. 1638.

6. Since the 1940s, courts have applied an "economic reality" analysis, grounded in the FLSA's broad understanding of employment, to determine whether a worker is an employee or an independent contractor under the Act. 89 Fed. Reg. 1638, 1641-42 (citing *Rutherford*, 331 U.S. 722 (1947) and discussing *U.S. v. Silk*, 331 U.S. 704 (1947); *Bartels v. Birmingham*, 332 U.S. 126 (1947); *NLRB v. Hearst Publ'ns, Inc.*, 322 U.S. 111 (1944)).

7. Under the "economic reality" analysis, the ultimate inquiry is whether, as a matter of economic reality, the worker is economically dependent on the employer for work (and is thus an employee) or is in business for herself (and is thus an independent contractor), rather than simply whether the employer has control over the worker under the narrower standards of the common law. 89 Fed. Reg. 1638, 1641.

8. In assessing economic dependence, courts have historically conducted a totality-of-the-circumstances analysis, and considered multiple factors, with no one factor or factors having predetermined weight. 89 Fed. Reg. 1638, 1641-44.

9. These factors generally include the opportunity for profit or loss, investment, permanency, control, whether the work is an integral part of the employer's business, and skill and initiative. 89 Fed. Reg. 1638, 1641-43.

10. Specifically, in *Silk*, the Supreme Court identified five factors as "important" for distinguishing between employees and independent contractors: "degrees of control, opportunities for profit or loss, investment in facilities, permanency of relation[,] and skill required in the claimed independent operation." 89 Fed. Reg. 1641 (quoting *Silk*, 331 U.S. at 716).

11. However, the Court explained that no single factor is dispositive, nor are the factors that it listed exhaustive. 89 Fed. Reg. 1641 (citing *Silk*, 331 U.S. at 716 (stating that "[n]o one is controlling nor is the list complete")).

12. Consistent with *Silk*, *Rutherford*, and their progeny, all federal courts of appeals apply the totality-of-the-circumstances economic reality analysis, using the factors articulated in those cases while acknowledging that they are not exhaustive and should not be applied mechanically. 89 Fed. Reg. 1642 & nn.52-53 (listing cases).

13. No federal court of appeals has allowed a single factor or two factors to presumptively predominate over others. 89 Fed. Reg. 1642 & n.53 (listing cases).

14. For example, in *Parrish*, the Fifth Circuit determined whether there existed an employer-employee relationship by examining "whether the alleged employees, as a matter of

'economic reality,' are 'economically dependent' on the business to which they supply their labor and services." 917 F.3d at 379 (quoting *Brock*, 814 F.2d at 1043).

15. The Court listed the "five, non-exhaustive [*Silk*] factors" relevant "to determin[ing] whether the individual is, as a matter of economic reality, in business for himself." *Parrish*, 917 F.3d at 379.

16. The five factors are: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. 89 Fed. Reg. 1642 & n.53 (citing *Parrish*, 917 F.3d at 380); *see also* 89 Fed. Reg. 1642 n.52 (citing *Brock*, 840 F.2d at 1058-59; *Pilgrim Equip. Co.,* 527 F.2d at 1311).

17. The Court then applied the five-factor test to "guide" its inquiry, noting that "[n]o single factor is determinative," and "the factors should not 'be applied mechanically.'" *Parrish*, 917 F.3d at 379-80.

18. On the same day that the Supreme Court decided *Silk*, it also decided *Rutherford*, in which it affirmed a federal court of appeals decision that analyzed an FLSA employment relationship based on economic realities. 89 Fed. Reg. 1641 (citing *Rutherford*, 331 U.S. at 727).

19. In *Rutherford*, the Court considered several of the *Silk* factors and also noted that the workers in question were best characterized as "part of the integrated unit of production under such circumstances that the workers performing the task were employees." 89 Fed. Reg. 1641 (quoting *Rutherford*, 331 U.S. at 729-30).

20. The Fifth Circuit typically does not identify the "integral part" factor as one of the considerations that guides its analysis. 89 Fed. Reg. 1642 (citing *Pilgrim Equip.*, 527 F.2d at 1311).

21. However, recognizing that its list of enumerated factors is not exhaustive, the Fifth Circuit has in some cases considered the extent to which a worker's function is integral to the business when conducting its economic reality analysis. 89 Fed. Reg. 1642 (citing *Hobbs v. Petroplex Pipe & Constr., Inc.*, 946 F.3d 824, 836 (5th Cir. 2020) (considering "the extent to which the pipe welders' work was 'an integral part' of Petroplex's business")).

22. Every other federal court of appeals that has decided an FLSA case involving alleged independent contractors includes the "integral part" factor among the list of enumerated economic reality factors. 89 Fed. Reg. 1642 & n.57 (citing *id.* at 1642 & n.52 and certain cases cited therein).

23. In the years since the Supreme Court set forth these principles, the Court has steadfastly rejected common law control as the determining factor under the FLSA and has remained committed to determining employment under the FLSA holistically by analyzing the economic realities of the working relationship. 89 Fed. Reg. 1642 (citing *Goldberg v. Whitaker House Co-op, Inc.*, 366 U.S. 28, 33 (1961) ("the 'economic reality' rather than 'technical concepts'" remained the test of employment under the FLSA) (citing *Silk* and *Rutherford*)); *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 325-26 (1992) (FLSA stretched the definition of employee to cover some parties who might not qualify as such under the common law) (citing *Rutherford*)).

24. When distinguishing between employees and independent contractors under the common law, courts evaluate "the hiring party's right to control the manner and means by which

5

the product is accomplished." 89 Fed. Reg. 1641 & n.29 (quoting *Community for Creative Nonviolence v. Reid*, 490 U.S. 730, 751 (1989)).

25. Unlike this control-focused analysis for independent contractors applied under the common law, the economic reality test under the FLSA focuses more broadly on a worker's economic dependence on an employer for work. 89 Fed. Reg. 1641; *see Castillo v. Givens*, 704 F.2d 181, 189 (5th Cir. 1983) ("[T]he common-law control test is not conclusive," and "[t]he statutory coverage is not limited to those persons whose services are subject to the direction and control of their employer, but rather to those who, as a matter of economic reality, are dependent upon the business to which they render service.").

26. In 1949, the Department first issued an opinion letter "distilling six 'primary factors which the Court considered significant' in *Rutherford* and *Silk*," emphasizing that "no single factor is controlling" in determining whether an employment relationship exists under the FLSA. 89 Fed. Reg. 1643.

27. In the decades since, the Department has generally applied a similar multifactor economic reality analysis, following legal precedent and the guiding principles announced therein not to apply factors mechanically or assign any factor a predetermined weight. *See id.* 1642-44.

28. On January 7, 2021, the Department published the 2021 Rule with an effective date of March 8, 2021. *See* Independent Contractor Status Under the Fair Labor Standards Act, 86 Fed. Reg. 1168-01 (Jan. 7, 2021) ("2021 Rule"); 89 Fed. Reg. 1639; 86 Fed. Reg. 1168.

29. The 2021 Rule added a new part to Title 29 of the Code of Federal Regulations (Part 795), introducing a new generally applicable analysis for determining whether a worker is an employee or an independent contractor. 89 Fed. Reg. 1638-39, 1727.

30. Although the rule reiterated the longstanding principle that a worker is an employee if, as a matter of economic reality, the worker is economically dependent on the employer for work, *id*. at 1644, the rule made significant changes to how the analysis is applied, *id.* at 1638-45.

31. The Department and most courts have applied the six economic reality factors to determine whether a worker is an employee under the FLSA or an independent contractor. *Id.* at 1641-44 (discussing case law and Department guidance).

32. The 2021 Rule, on the other hand, applied five economic reality factors in a novel fashion.

33. In contrast to the Department's prior guidance and contrary to case law, the 2021 Rule designated two of the five factors as "core factors" that should always carry greater weight in the analysis, meaning that, if they both indicate the same classification, there is a "substantial likelihood" that that classification is the correct classification. *Id.* at 1638; *see* 29 C.F.R. § 795.105(c), *quoted in* 86 Fed. Reg. 1246.

34. The two core factors were: (1) the nature and degree of control over the work, and (2) the worker's opportunity for profit or loss (which included the workers' initiative and investments). 89 Fed. Reg. 1644.

35. The three remaining, "less probative" factors were: (3) the amount of skill required for the work, (4) the degree of permanence of the working relationship between the worker and the employer, and (5) whether the work is part of an integrated unit of production. 89 Fed. Reg. 1645; 86 Fed. Reg. 1171.

36. Under the 2021 Rule, these other factors were "less probative and, in some cases, may not be probative at all" of economic dependence and were "'highly unlikely, either

7

individually or collectively, to outweigh the combined probative value of the two core factors.'" 89 Fed. Reg. 1645.

37. The 2021 Rule also considered "investment and initiative only as part of the opportunity for profit or loss factor," and excluded "consideration of whether the work performed is central or important to the potential employer's business. These and other provisions in the 2021 IC Rule narrowed the economic reality test by limiting the facts that may be considered as part of the test—facts which the Department believes are relevant in determining whether a worker is economically dependent on the employer for work or is in business for themself." 89 Fed. Reg. 1647.

38. Shortly after the change in Administration in 2021, the Department first delayed and then withdrew the 2021 Rule. *See* 86 Fed. Reg. 12535 (Mar. 4, 2021) (the Delay Rule); 86 Fed. Reg. 24303 (May 6, 2021) (the Withdrawal Rule).

39. Both the Delay Rule and the Withdrawal Rule were challenged in *Coalition for Workforce Innovation v. Walsh*, No. 1:21-cv-130, 2022 WL 1073346 (E.D. Tex. Mar. 14, 2022) ("*CWI*").

40. The district court in *CWI* held that the Delay Rule and the Withdrawal Rule violated certain provisions of the Administrative Procedure Act and vacated both. *See CWI*, No. 1:21-cv-130, 2022 WL 1073346 (E.D. Tex. Mar. 14, 2022).

41. The Department appealed the district court's decision in *CWI*.

42. The Fifth Circuit ultimately vacated the district court's decision as moot after the Department promulgated the 2024 Rule. *See* Order, *CWI*, No. 22-40316 (5th Cir. Feb. 19, 2024), ECF No. 82.

43. The case was then remanded to allow the plaintiffs in that case to file an amended complaint.

44. On October 13, 2022, the Department published in the Federal Register a new proposed rule for public comment. *See Employee or Independent Contractor Classification Under the Fair Labor Standards Act*, 87 Fed. Reg. 62,218 (Oct. 13, 2022), *available at* https://www.govinfo.gov/content/pkg/FR-2022-10-13/pdf/2022-21454.pdf.

45. After receiving and considering over 55,000 comments on the proposed rule, on January 10, 2024, the Department promulgated the 2024 Rule, which became effective on March 11, 2024. *See Employee or Independent Contractor Classification Under the Fair Labor Standards Act*, 89 Fed. Reg. 1638-01 (Jan. 10, 2024) (to be codified at 29 C.F.R. Parts 780, 788, and 795).

46. The 2024 Rule rescinds the 2021 Rule and separately replaces it with an analysis that is more consistent with judicial precedent and the Act's text and purpose as interpreted by the courts. 89 Fed. Reg. 1638, 1647; *see* 29 C.F.R. Part 795.

47. Specifically, the 2024 Rule embodies a totality-of-the-circumstances economic reality analysis in which the factors do not have predetermined weight. 89 Fed. Reg. 1645.

48. Those factors include (1) the worker's opportunity for profit or loss depending on managerial skill; (2) investments by the worker and the potential employer; (3) degree of permanence of the work relationship; (4) nature and degree of control; (5) extent to which the work performed is an integral part of the potential employer's business; and (6) the worker's skill and initiative. 29 C.F.R. §§ 795.110(b)(1)-(6).

49. The preamble to the 2024 Rule also provides a detailed discussion of the application of each factor to serve as a guide for determining whether a worker is an employee. *See* 89 Fed. Reg. 1671-1725.

50. However, the 2024 Rule expressly emphasizes that it consists solely of "general interpretations" and is "intended to serve as a 'practical guide to employers and employees' as to how the Department will seek to apply the Act." 29 C.F.R. § 795.100.

51. Plaintiffs filed their original complaint on February 8, 2024, ECF No. 1, and filed their First Amended Complaint for Declaratory and Injunctive Relief ("Complaint") on March 7, 2024, ECF No. 9.

52. Plaintiffs claim that: (1) the 2024 Rule is arbitrary and capricious, an abuse of discretion, and not in accordance with law, in violation of 5 U.S.C. § 706(2)(A) of the APA, Complaint ¶¶ 88-96; and (2) the 2024 Rule is in excess of statutory authority in violation of 5 U.S.C. § 706(2)(C) of the APA, Complaint ¶¶ 97-102.

53. Plaintiffs ask the Court to enjoin defendants from enforcing the 2024 Rule and to declare the 2024 Rule unlawful and set it aside.

54. On March 7, 2024, plaintiffs filed a motion for a temporary restraining order, ECF No. 14, and a motion for a preliminary injunction, ECF No. 15.

55. The Court held a hearing on plaintiffs' motions on March 8, 2024, and denied both motions. March 8, 2024 Minute Order, ECF No. 19.

56. The Court found that "there's no immediate threat of harm or immediate harm," Transcript at 20 ll.19-20, and that the 2024 Rule "seems to be a resurrection of a position that had been in effect for some 70 or 80 years," Transcript at 20 ll. 13-17.

57. The Court further found that "[t]he likelihood of success is at least questionable . . . ." Transcript at 20 ll. 17-18.

58. Plaintiffs filed a notice of appeal on April 8, 2024. ECF. No. 22.

Dated: May 20, 2024						Respectfully submitted,

							BRIAN M. BOYNTON
							Acting Assistant Attorney General

							JULIE STRAUS HARRIS
							Assistant Branch Director

							*/s/ Lisa A. Olson*
							LISA A. OLSON
							Senior Trial Counsel
							U.S. Department of Justice
							Civil Division, Federal Programs Branch
							1100 L Street N.W., Room 12200
							Washington, D.C. 20005
							(202) 514-5633
							Lisa.olson@usdoj.gov

							*Counsel for Defendants*

11