# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRISARD'S TRANSPORTATION, L.L.C.; LOUISIANA MOTOR TRANSPORT ASSOCIATION, INCORPORATED; A & B GROUP, INC.; NORTHLAKE MOVING AND STORAGE, INC.; TRIPLE G. EXPRESS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF LABOR; JULIE SU, *in her official capacity as Acting Secretary of Labor*; JESSICA LOOMAN, *in her official capacity as Administrator of the Wage and Hour Division*; UNITED STATES DEPARTMENT OF LABOR, WAGE AND HOUR DIVISION, <br><br> Defendants. | **Case No. 2:24-cv-00347** <br><br> Section L <br><br> District Judge Fallon <br><br> Magistrate Judge Dossier |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO PROPOSED AMICI'S MOTION FOR LEAVE TO FILE AMICUS BRIEF

Plaintiffs respond in opposition to the proposed amici's motion for leave to file an amicus brief. ECF No. 33. For the following reasons, their motion should be denied.

1. No federal or local rule governs "the procedural or substantive requirements for district court amicus curiae briefs." *U.S. v. City of New Orleans*, 2022 WL 4465534, at *1 (E.D. La. Sep. 26, 2022).

2. By contrast, the federal rules of appellate procedure provide for a comprehensive procedure to file amicus briefs in appellate courts, such as the Fifth Circuit Court of Appeals. *See e.g.*, Fed. R. App. P. 29.

1

3. In the present case, which is currently on appeal before the Fifth Circuit pursuant to this Court's denial of Plaintiffs' motion for preliminary injunction, there have already been three amicus briefs filed on behalf of approximately 13 organizations supporting Plaintiffs' position. *See* Case No. 24-30223, Dkt. 28, 30, and 35.

4. This includes an amicus brief on behalf of 7 business organizations that was filed by the former United States Secretary of Labor, Eugene Scalia. *Id*. at Dkt. 30.

5. Thus, to the extent that the proposed amici here wish to file an amicus brief at the Fifth Circuit Court of Appeals where the Rules provide for such a filing, Plaintiffs do not object to them doing so (although Plaintiffs likely will object to the substance and merits of their proposed briefs).

6. This case is an important case that has attracted nationwide attention. And the Fifth Circuit Court of Appeals will eventually determine, one way or the other, the outcome of Plaintiffs' challenge to the DOL's 2024 Rule.

7. Under the current circumstances, the Fifth Circuit is the most appropriate venue to receive amicus briefs because of its established procedure as evidenced by the quality and quantity of the pending amicus briefs that have already been filed there.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court deny the proposed amici's motion for leave to file an amicus brief at the district court. *See* ECF No. 33.

| | |
|---|---|
| July 2, 2024 | Respectfully submitted, |
| | |
| | /s/ James S. Baehr |
| M.E. Buck Dougherty III* | James S. Baehr |
| Reilly Stephens | Sarah Harbison |
| Liberty Justice Center | Pelican Center for Justice |
| 13341 W. U.S. Hwy. 290, Bldg. 2 | 400 Poydras Street, # 900 |
| Austin, Texas 78737 | New Orleans, LA 70130 |
| Telephone (512) 481-4400 | Telephone (504) 475-8407 |
| bdougherty@libertyjusticecenter.org | james@pelicaninstitute.org |
| rstephens@libertyjusticecenter.org | sarah@pelicaninstitue.org |

*pending application

*Attorneys for Plaintiffs*

3